5297-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| HEAVY METAL CAPITAL PARTNERS, LLC, a Florida limited liability company; DAVID C. SMITH, an individual; and RICHARD H. SEGERSON, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>CARBONATIK, LLC, a Florida limited liability company, CARBONATIK GRAMINET, LLC, a Florida limited liability company, JOSEPH K. SWAMINATHAN a/k/a JOSEPH SWAMINATH, an individual, and BRENDAN FITZPATRICK, an individual,<br><br>      Defendants. | CASE NO.: 25-CV-81451<br><br>MIDDLEBROOKS/MATTHEWMAN |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT (ECF NO. 17)**

As authorized by Local Rule 7.1(c)(2), Plaintiffs hereby respond in opposition to Defendants' Motion to Dismiss the Complaint (ECF No. 17).

## I.     INTRODUCTION

Defendants' Motion to Dismiss improperly asks this Court to weigh facts, draw inferences in Defendants' favor, and resolve disputes that must be addressed on a developed record.  At the pleading stage, however, Plaintiffs need only allege enough factual content to state plausible claims for relief, which the Complaint plainly does.  The Complaint alleges that Defendants solicited

- 1 -

Plaintiffs' investment through a coordinated course of misrepresentations and omissions regarding Defendants' business operations, copper inventory, reserves, financial stability, and ability to perform.  Plaintiffs allege that they relied on these material statements in making a $500,000.00 equity investment and an additional $50,000.00 copper "invoice" payment, neither of which produced the promised results.  Defendants' Motion should be denied in substantial part.  At most, Defendants may have identified a discrete legal issue regarding the scope of Section 12(a)(2), but that issue does not justify dismissal of any of the other claims.

## II.    FACTUAL BACKGROUND (AS PLED)

Beginning in early 2025, Defendants induced Plaintiffs to invest in Carbonatik through representations about its copper inventory, mining operations, business relationships, and financial capacity.  Plaintiffs allege that Defendants repeatedly assured them that Carbonatik was positioned to deliver substantial copper product and returns, and that Defendants had business infrastructure and supply capacity to support the contemplated transactions.  In reliance, Plaintiffs purchased an equity interest and wired substantial funds to Defendants, including $500,000.00 for an equity purchase. Plaintiffs further allege that Plaintiff Smith wired an additional $50,000 payment associated with an invoice for copper, but Defendants failed to deliver product or return funds.  Plaintiffs allege that Defendants' statements were materially false and misleading, and that Defendants concealed key facts about their inability to perform and the true state of Carbonatik's operations and finances.

## III.  LEGAL STANDARD

### A.  Rule 12(b)(6)

A complaint survives a motion to dismiss where it contains sufficient factual matter to state a claim that is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must accept all well-pled factual allegations as true and draw reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, a motion to dismiss is not a vehicle for resolving factual disputes or testing the truth of the allegations; those issues are reserved for summary judgment or trial.

### B.  Rule 9(b)

Rule 9(b) requires that fraud be pled with particularity, but it does not require plaintiffs to prove fraud at the pleading stage.  It is sufficient to allege the "who, what, when, where, and how" of the misconduct.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

## IV.  ARGUMENT

### A.  The Complaint Easily Meets the *Twombly/Iqbal* Plausibility Standard.

Defendants' Motion rests mostly on the premise that Plaintiffs have not plausibly alleged actionable wrongdoing.  However, the Complaint alleges, with extensive factual detail, that:

- Defendants made repeated representations about Carbonatik's business operations, inventory, and capacity;

- Plaintiffs relied on those representations in making specific investments and payments;

- The representations were false or misleading when made;

- Plaintiffs suffered identifiable damages tied to those transactions.

These allegations are far more than formulaic recitations. They describe a coherent scheme, specific transactions, and concrete damages. Thus, the Motion should be denied under Rule 12(b)(6).

**B.      Plaintiffs Pleaded Fraud with the Particularity Required by Rule 9(b)—Counts 1, 2, 3, and 5.**

Defendants argue that Plaintiffs failed to plead the circumstances of fraud with sufficient specificity.  That contention is incorrect.  The Complaint pleads:

- the identity and roles of the key individuals making the statements;

- the timeframe of the misrepresentations (January–July 2025);

- the content of the misrepresentations and what Defendants claimed they could deliver;

- reliance via specific wire transfers ($500,000.00 equity + $50,000.00 invoice payment);

- and damages resulting from the statements.

***Exhibits "E," "F," "G," "H," "I," and "J" were attached to the Complaint and are true and correct copies of text messages between the parties, most of which are dated and identify the speaker.  Moreover, in paragraph 29 (inclusive of its multiple subparagraphs), Plaintiffs went into substantial detail regarding misrepresentations in promotional materials; specifically identified the materials; and, in some instances, even quoted them.  These allegations satisfy Rule 9(b).*** *See Brooks*, 116 F.3d at 1371. Defendants' arguments improperly demand evidentiary proof (or trial-level

detail), which Rule 9(b) does not require.  The documents were not ultimately attached to the Complaint because they were voluminous and because no action was brought "on the documents."  Some of the documents were also self-described as "confidential."  If the Court believes that the documents should have been attached to the Complaint, then Plaintiffs would be willing to either separately file them or attach them to an Amended Complaint, but they believe that to be unnecessary under existing case law.

### C.     Count 1 (Federal Securities Fraud) Is Adequately Pled.

The Complaint alleges securities fraud based on Defendants' material misrepresentations and omissions made in connection with Plaintiffs' purchase of securities (*i.e.*, membership certificates).  *See* Compl., Exs. "B" & "C."  While Defendants may dispute falsity, materiality, reliance, and scienter, those are fact-intensive issues not suitable for resolution at the pleading stage— particularly where, as here, Plaintiffs have pled specific content, timing, reliance, and damages.

To the extent the PSLRA scienter standard is implicated, the allegations support a cogent inference of misconduct.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (strong inference must be cogent and at least as compelling as opposing inferences).  Plaintiffs allege Defendants made repeated claims about core operational realities (inventory and business capacity) while concealing the inability to perform and shifting explanations once Plaintiffs demanded performance.  Accordingly, dismissal of Count 1 would be improper.

### D.    Count 2 (Section 12(a)(2)) Should Not Be Dismissed with Prejudice and Does Not Affect the Other Counts.

Defendants seek dismissal of Plaintiffs' claim under Section 12(a)(2). Plaintiffs allege that Defendants sold or solicited the sale of securities by means of communications containing untrue statements or omissions.  Defendants may argue that the Supreme Court's interpretation of "prospectus" limits Section 12(a)(2) to public offerings.  *See Gustafson v. Alloyd Co.,* 513 U.S. 561, 584 (1995).  However, even if the Court were to agree that Plaintiffs must plead additional facts to satisfy the *Gustafson* framework, the appropriate remedy would be (at most) dismissal of Count 2 without prejudice and with leave to amend—not dismissal of the Complaint as a whole.  Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion as to Count 2 or, alternatively, grant leave to amend if the Court finds that additional pleading is necessary.

### E.    Count 3 (Florida Securities Fraud – FSIPA § 517.301) Is Sufficiently Pled.

Section 517.301, *Florida Statutes*, makes it unlawful, directly or indirectly, in connection with the offer, sale, or purchase of a security:

- "To employ any device, scheme, or artifice to defraud;"

- "To obtain money or property by means of any untrue statement of a material fact . . . ;

- "To engage in any transaction, practice, or course of business which operates . . . as a fraud. . . ."

§ 517.301, Fla. Stat. (2025).  The Complaint tracks these statutory prohibitions and alleges that Defendants used materially false statements to obtain Plaintiffs'

investment and subsequent payments.  Defendants' Motion should be denied as to Count 3.

### F.   Count 4 (RICO) Is Not Subject to Dismissal for "Lumping Defendants Together."

Defendants also argue that the RICO claim should be dismissed because Plaintiffs allegedly improperly "lump" Defendants together.   That argument misunderstands both RICO enterprise theory and well-established federal pleading standards.

First, **enterprise allegations necessarily involve collective conduct.**  A civil RICO claim under 18 U.S.C. § 1962(c) requires allegations that defendants conducted or participated in the affairs of an ***enterprise*** through a pattern of racketeering activity. An association-in-fact enterprise, by definition, involves coordinated conduct among multiple actors.  The Supreme Court has made clear that such an enterprise requires only "a common purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).  Thus, where defendants are alleged to have jointly solicited investments, issued coordinated misrepresentations, and shared in the proceeds of the scheme, collective pleading is not a defect but, rather, inherent in the claim.

For that reason, the Eleventh Circuit has repeatedly rejected the notion that RICO claims must be dismissed merely because allegations are pleaded collectively where defendants are alleged to have acted in concert.  "Where the

complaint alleges a unified scheme and concerted action, Rule 9(b) does not require the plaintiff to plead the precise role of each defendant." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1350 (11th Cir. 2016).  This principle is particularly important in RICO cases, where plaintiffs typically lack access to internal communications and role delineations prior to discovery.

Here, Plaintiffs plausibly allege joint operation of the enterprise—specifically, that Defendants:

- acted together to solicit Plaintiffs' investment,

- made coordinated misrepresentations regarding the mining project and copper inventory,

- concealed material facts after receiving Plaintiffs' funds, and

- collectively benefited from the scheme.

If Defendants were acting in concert and jointly operating the alleged criminal enterprise, it would be artificial—and contrary to RICO doctrine—to require Plaintiffs to plead the scheme as if each Defendant acted in isolation.  Indeed, as the Eleventh Circuit has explained, RICO liability is not limited to those who personally commit the predicate acts; it extends to those who knowingly implement or further the enterprise's affairs.  *United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275-76 (11th Cir. 2000) ("To find that a defendant cannot be *part* of the enterprise would undermine the purposes of the RICO statute.").

Ultimately, Defendants' "lumping" argument is an attempt to force Plaintiffs to prove internal role distinctions within the alleged enterprise before

discovery.  But that is not what Rule 12 requires.  At the pleading stage, Plaintiffs need only plausibly allege:

- the existence of an enterprise,

- Defendants' knowing participation in its affairs,

- a pattern of racketeering activity, and

- proximate causation of Plaintiffs' injuries.

Plaintiffs have done so here. Any dispute about the precise degree of each Defendant's involvement is a question for summary judgment or trial, not a basis for dismissal.

### G.    Other Alleged Pleading Deficiencies (Counts 6-12)

As to the remaining counts, counts 6 and 7 clearly state causes of action for breaches of each of the Broker Agreement and the Share Purchase Agreement.  Each count pleads all of the required elements under Florida law. The same is true for counts 8 and 9, alleging violations of FDUTPA and aiding and abetting fraud.

As for count 10 for civil conspiracy, Plaintiffs have obviously alleged underlying torts: securities violations, fraud, and violations of FDUTPA and RICO.  In any event, the Eleventh Circuit has expressly held that the doctrine does not apply to conspiracies to commit criminal acts, including racketeering conspiracies: "The intracorporate conspiracy doctrine cannot shield a criminal conspiracy from prosecution."  *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1041 (11th Cir. 2000) (en banc).  A civil RICO conspiracy under § 1962(d) is predicated on agreement to commit criminal racketeering activity.  Plaintiffs

allege that Defendants agreed to engage in wire fraud, securities fraud, and related criminal conduct. Accordingly, the doctrine does not bar Plaintiffs' RICO conspiracy claim.

The doctrine also does not apply where corporate agents act outside the scope of their employment or for personal, independent financial benefit. *See id.* at 1038 ("The doctrine does not apply where corporate employees act for their own personal purposes"). Plaintiffs allege that the individual Defendants personally solicited investments, personally benefited from the scheme, and used corporate entities as instrumentalities to misappropriate investor funds.  Such self-interested and deceptive conduct falls outside the scope of legitimate corporate activity.  Whether Defendants acted for personal enrichment or in furtherance of lawful corporate business is a factual question that cannot be resolved on a motion to dismiss.

Defendants' argument further fails because the Complaint alleges a conspiracy involving multiple legally distinct corporate entities, together with individual actors, operating as an association-in-fact enterprise. The intra-corporate conspiracy doctrine applies only where all the alleged conspirators are agents of a single corporation. It does not apply where separate legal entities conspire, even if affiliated.  "Legally distinct entities are capable of conspiring with one another, even if they are affiliated." *United States v. Goldin Indus., Inc.*, 219 F.3d at 1276.  Moreover, application of the doctrine is fact-intensive and disfavored at the Rule 12 stage. Determining whether Defendants acted within the scope of legitimate corporate activity, for personal gain, or as part of a multi-

entity enterprise requires factual development inappropriate for resolution on a motion to dismiss.

As for counts 11-12, Defendants appear to argue that certain claims should be dismissed as duplicative of contract claims.  But the Complaint alleges more than a mere failure to perform. It alleges that Defendants fraudulently induced Plaintiffs to invest through false statements about operational facts and business readiness, then concealed the truth after.  Where a plaintiff alleges fraudulent inducement and deceptive conduct independent of contract breach, tort and statutory claims are not subject to dismissal simply because a contract exists.  Additionally, it is well-established that parties may plead in the alternative—for example, plead unjust enrichment in case another claim somehow fails, which is what Plaintiffs have done here.

### H.      Plaintiffs Plead Damages and Reliance; Defendants' Arguments Are Improperly Fact-Based.

Defendants contend Plaintiffs have not pled injury or causation.  This is directly contradicted by the Complaint, which alleges:

- a $500,000.00 equity purchase payment;

- a $50,000.00 copper invoice payment; and

- additional damages resulting from Defendants' failure to deliver promised performance.

At this stage, Plaintiffs are not required to prove damages; they must plausibly allege them, which they have done.

Further, co-Plaintiffs David Smith and Richard H. Sergerson clearly have Article III standing.  Defendants argue that co-Plaintiffs David Smith and Richard

Sergerson lack such standing because the investment at issue was made through Heavy Metal Capital Partners, LLC, but that argument misstates both the governing law and the allegations of the Complaint.

To establish Article III standing, a plaintiff must plausibly allege: (1) an injury in fact that is concrete and particularized; (2) a causal connection between the injury and the challenged conduct; and (3) redressability.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  At the pleading stage, the standard is intentionally lenient: "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* at 561.

The Complaint alleges that Smith and Sergerson were personally solicited by Defendants, personally relied on Defendants' misrepresentations concerning the mining project, and personally suffered economic loss because of Defendants' conduct.  Economic loss is a prototypical Article III injury.  As the Supreme Court has explained: "We have repeatedly recognized that threatened or actual injury to one's economic interests satisfies the injury-in-fact requirement." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Nothing in Article III requires that standing exist only for the nominal entity through which funds were transmitted.  Where individuals allege that they were directly induced to invest and suffered financial loss as a result, standing is satisfied.   Thus, use of an LLC does not defeat individual standing.  Defendants' argument improperly conflates standing with real-party-in-interest

or derivative injury doctrines. The Eleventh Circuit has squarely rejected that approach.  A shareholder or member may maintain an individual action when he has sustained a loss that is separate and distinct from that of the corporation. *See, e.g., Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Fla., Inc.*, 140 F.3d 898, 907 (11th Cir. 1998).

Here, Smith and Sergerson do not allege a generalized injury suffered only by the LLC; they allege that Defendants directly targeted them, made misrepresentations to them, and caused them to personally lose money.  At most, Defendants' argument raises questions about allocation of damages, which are merits issues not properly resolved on a Rule 12 motion.

## I.      Incorporation by Reference Is Not Automatically a "Shotgun Pleading"

Lastly, while the Complaint incorporates background facts into subsequent counts, that practice is explicitly permitted and is problematic only if it renders the claims unintelligible.  The Eleventh Circuit has cautioned courts not to overuse the shotgun label: "The unifying characteristic of all types of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015).

Here, each count:

- identifies the specific legal theory (*e.g.,* Rule 10b-5, § 517.301, RICO, breach of contract, etc.);

- identifies the Defendants against whom it is brought; and

- ties the claim back to a defined factual core (the investment solicitation, misrepresentations, and misuse of funds).

That is the opposite of a pleading that "fails to give notice."  Moreover, each cause of action is pleaded in a separate, numbered count, with:

- distinct elements,

- distinct statutory citations where applicable, and

- distinct requests for relief against different Defendants when joint and several liability is not sought.

That directly avoids any argument that Plaintiffs have improperly failed to separate claims.  In any event, when a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.  *See, e.g., Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

## V.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.  At most, if the Court finds Count 2 requires additional allegations under Section 12(a)(2), Plaintiffs request dismissal without prejudice and leave to amend.

*HEAVY METAL CAPITAL PARTNERS, LLC, ET AL.  V. CARBONATIK, LLC, ET AL.*
Case No.:  25-CV-81451

DATED: February 2, 2026.

THE CARLIN LAW FIRM, PLLC
*Counsel for Plaintiffs*
One Financial Plaza
100 S.E. 3rd Avenue, Suite 1103
Fort Lauderdale, Florida 33394
Tel.: (954) 440-0901
Primary e-mail: eservice@carlinfirm.com


By:   */s/ Justin C. Carlin*
      JUSTIN C. CARLIN, ESQ.
      Fla. Bar No.: 068429
      Sec. e-mail: jcarlin@carlinfirm.com
      Ter. e-mail: mpanico@carlinfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on the following counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF (electronic notice) or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing: Joanne M. O'Connor, Esq., Michael J. Gore, Esq., and Danielle L. Jakeman, Esq., Jones Foster, P.A., at joconnor@jonesfoster.com, mgore@jonesfoster.com, and djakeman@jonesfoster.com.


By:   */s/ Justin C. Carlin*
      JUSTIN C. CARLIN, ESQ.